The Chancellor.
The bill is for a specific performance of a parol agreement respecting lands. The agreement alleged in the bill is, that.in July, 1851, the complainant agreed with the defendant to sell him a tract of land in the county of Mercer, of about eight and a half acres, for the sum of $800, to be paid by instalments, in such amounts as might, from time to time, meet the convenience of the complainant. The bill further alleges, that in pursuance of the said agreement, the complainant entered into possession of the land, and has since held the possession under the agreement; that in July, 1851, he paid the defendant $100, in part payment of the purchase money, and that, at divers other times, he paid him on the agreement different sums, amounting in all to one hundred and fifty dollars. The bill further alleges, that a few days before filing the bill, the complainant called upon the defendant, and requested him to give him a deed for the premises, and at the same time offered to pay him the balance of the purchase money, when the defendant refused to give a deed.
The defendant, by hjs answer, denies the agreement alleged in the bill, but admits that, on the 1st of April, 1849, there was a parol agreement entered into between the complainant and defendant, by which the defendant agreed to sell the complainant the land in question upon the following terms: the defendant agreed to give the complainant a deed upon his paying $200, and giving a mortgage for $600, payable in yearly instalments of $200, each, with interest payable annually, the said payment of *153 §200 to be made, and the bargain to be completed, by the first day of July then next following, to wit, the first of 'July, 1849.
There is no difficulty as to making a decree in this case on account of the contract not being in writing. The defendant does not set up in his answer the statute of frauds and perjuries. By the modern decisions, he might have insisted upon the benefit of the statute, notwithstanding his admission of the agreement in his answer. 2 Story’s Eq. J. § 756, § 757, and notes. But the defendant does not insist upon the statute, and he is not therefore entitled to the benefit of it. 2 Story’s Eq. J. § 755. If, however, the defendant had claimed the benefit of the statute, it would not have availed him. It is sufficiently proved that the agreement was part performed; that the defendant took possession under the agreement, and while in possession paid the complainant one hundred dollars on the agreement.
There is some variance between the agreement stated in the bill and that admitted by the answer, but it is of a character not at all to embarrass the court in decreeing a specific performance. Whether the complainant was to pay the purchase money by instalments, to suit his own convenience, as he states in his hill, or to pay §200 on giving the deed, and the balance in three equal annual instalments, cannot vary the decree. . The complainant offers to pay down the whole balance of the purchase money. There is nothing to be done, then, between the parties, but for the complainant, on his part, to give the deed, and the defendant, on his, to pay the purchase money, as to the amount of which there is no dispute.
The only defence of any weight against a decree for specific performance is the laches of the complainant. But the delay is sufficiently accounted for, and took place under such circumstances as would render it inequitable and unjust to deny to the complainant a specific performance of it on this account.
*154 According to the admission of the defendant, he was to have given to the complainant a deed on the first of July, 1849, at which time the defendant was to have complied with his part of the agreement. He does not pretend that he ever tendered a deed to the complainant. The complainant entered into the possession of the property under the agreement. This is proved, notwithstanding the equivocal denial of the answer. On the 15th of October, 1851, the complainant paid the defendant $100, and the defendant gave a receipt acknowledging it as part payment for the land and interest. The defendant has continued in possession, using the land as his own, and in a manner consistent only with his claim as owner. As late as the fall of 1853, the fall before this bill was filed, the defendant called, upon the complainant, and told him he did not wish him to take any more sand off the the lot, “until he lived up to his agreement.” The complainant told him to make his deed out, and he would try to call up and pay him. He made arrangements for the money, and did call upon the defendant in a short time for the purpose of getting his deed and paying the money. The defendant might have put an end to the agreement at any time by tendering a deed. He did not see proper to do so, hut permitted the complainant to remain all the time in the possession and enjoyment of the property. He thus held the complainant, or permitted him to remain, in a position where he might have called upon the complainant at anytime to fulfil the agreement. The delay, under such circumstances, ought not to operate to the prejudice of the complainant. Here is a clear acquiescence, on the part of the defendant, in the delay; and he is not, therefore, at liberty to take advantage of it.
The complainant is entitled to a decree for specific performance. As there is some doubt as to the precise time when the agreement was to be performed, the defendant will he entitled to the benefit of his answer in this particular, Interest on the purchase money must be computed from the first day of July, 1849.